IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA RANDALL, an individual, ) | |
| ) | CASE NO. |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT AND JURY DEMAND** |
| ) | |
| MATRIXX INITIATIVES, INC., a ) | |
| Delaware Corporation, ZICAM, LLC, an ) | |
| Arizona Limited Liability Company, ) | |
| BOTANICAL LABORATORIES, INC., a ) | |
| Washington Corporation, and WAL-MART ) | |
| STORES, INC., a Delaware Corporation, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Joshua Randall ("Plaintiff"), by and through his attorneys, Peter C. Wegman and Mark R. Richardson with the law firm of Rembolt Ludtke LLP and Mark Beck with Beck Law Office, P.C., L.L.O., for his cause of action against Defendants Matrixx Initiatives, Inc., Zicam, LLC, Botanical Laboratories, Inc., and Wal-Mart Stores, Inc., alleges and states:

**REQUEST FOR JURY TRIAL IN LINCOLN, NEBRASKA**

1. Plaintiff respectfully requests a jury trial in Lincoln, Lancaster County, Nebraska.

## PARTIES

2.  Plaintiff is a resident of Hastings, Adams County, Nebraska.

3.  Defendant Matrixx Initiatives, Inc. ("Matrixx") is a Delaware Corporation with its principal place of business in Arizona, doing business at all times relevant herein with respect to the matters alleged herein in the State of Nebraska.

4.  Defendant Zicam, LLC ("Zicam") is an Arizona Limited Liability Company which is a wholly owned and controlled subsidiary of Matrixx Initiatives, Inc. with its principal place of business in Arizona, doing business at all times relevant herein with respect to the matters alleged herein in the State of Nebraska.

5.  Defendant Botanical Laboratories, Inc. ("Botanical Laboratories") is a Washington corporation with its principal place of business in Washington, doing business at all times relevant herein with respect to the matters alleged herein in the State of Nebraska.

6.  Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with its principal place of business in Arkansas, doing business at all times relevant herein with respect to the matters alleged herein in the State of Nebraska.

7.  At all times material to this Complaint, each of the Defendants transacted, solicited or otherwise conducted business in Nebraska.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and because the amount in controversy exceeds $75,000 as to Plaintiff.

9.  Venue in the United States District Court for the District of Nebraska is proper under 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

10. Defendant Matrixx is engaged in the development, manufacture, and marketing of over-the-counter pharmaceuticals, including Zicam Allergy Relief Nasal Gel (the "product").

11. Defendant Zicam is a wholly owned subsidiary of Defendant Matrixx and produces, markets, and sells Zicam Allergy Relief Nasal Gel.

12. Upon information and belief, Defendant Biotanical Laboratories manufactured and packaged Zicam Allergy Relief Nasal Gel for sale and distribution by Defendants Matrixx and Zicam.

13. At all times material to this Complaint, Defendant Wal-Mart marketed, distributed and sold Zicam Allergy Relief Nasal Gel throughout the United States and specifically in Nebraska.

14. At all times material to this Complaint, each of the Defendants knew or reasonably should have known that Zicam Allergy Relief Nasal Gel would be distributed throughout the United States and specifically in Nebraska.

15. At all times material to this Complaint, each of the Defendants knew or reasonably should have known that their acts would have consequences throughout the United States and specifically in Nebraska.

16. Zicam Allergy Relief Nasal Gel is packaged in a variety of forms, including a nasal pump with nasal gel, which are developed, manufactured, marketed, distributed and sold by the Defendants.

17. The nasal pump used in Zicam Allergy Relief Nasal Gel was intended to deliver and apply the nasal gel within the nose of the user.

18. When used as directed, the nasal pump delivers the Zicam Allergy Relief Nasal Gel to the nasal membranes of the user.

19. Zicam Allergy Relief Nasal Gel is marketed as a homeopathic remedy and is not a "drug" as defined in § 321 of the Federal Food, Drug and Cosmetic Act, Chapter 675, 52 Stat. 1040, 21 U.S.C. § 321.

20. Zicam Allergy Relief Nasal Gel is not and has not been approved by the United States Food and Drug Administration (the "FDA") for safety or efficacy.

21. Zicam Allergy Relief Nasal Gel's labeling has never been approved by the FDA.

22. On or about October 13, 2008, Plaintiff purchased Zicam Allergy Relief Nasal Gel from Defendant Wal-Mart, in Hastings, Adams County, Nebraska.

23. On or about October 13, 2008, Plaintiff started using the Zicam Allergy Relief Nasal Gel as directed on the packaging of the product.

24. After using the Zicam Allergy Relief Nasal Gel, Plaintiff experienced a complete loss of smell ("anosmia") and a near total loss of taste. Plaintiff's loss of smell and taste continued to the date of this Complaint and are likely permanent and irreversible.

25. Zicam Allergy Relief Nasal Gel caused a total loss of smell and a near total loss of taste when used by Plaintiff in the method consistent with the directions on the product's packaging.

26. Plaintiff did not alter the product or its packaging or misuse the product at any time.

27. Plaintiff was not aware, nor had any reason to know, that properly using the Defendants' product created an unreasonable risk of personal injury.

28. Defendants had actual knowledge, or should have known, that the product was defective at the time of its manufacture and distribution and that such defect was substantially likely to cause the injuries of loss of smell and taste. Defendants willfully disregarded that knowledge in the manufacture and distribution of Zicam Allergy Relief Nasal Gel.

29. Defendants continue to disregard the knowledge that Zicam products cause permanent and irreversible anosmia and loss of taste.

30. Plaintiff's loss of his senses of smell and taste continues, despite the care of his primary care physician and an ear, nose, and throat specialist.

## FIRST THEORY OF RECOVERY
## DESIGN DEFECT PRODUCT LIABILITY

31. Plaintiff herein re-alleges and incorporates by reference paragraphs 1 to 30, and further state as follows:

32. Defendants Matrixx and Zicam owed a duty to Plaintiff to use due care and caution in the design of its Zicam Cold Remedy Nasal Gel to avoid unreasonable risks of injury during reasonably foreseeable uses of the product.

33. Defendants breached this duty through acts and/or omissions which include but are not limited to the following:

   a. Designing a product intended to be used intra-nasally and instructing its users to use the product in such a manner.

   b. Failing to engage in proper and adequate testing of the product and its long-term effects on the sense of smell.

   c. Failing to conduct an investigation into the historical and scientific evidence that relates intra-nasal zinc application to permanent and irreversible anosmia and loss of sense of taste.

   d. Failing to adequately warn users of the product that use of the product as directed could potentially cause permanent and irreversible anosmia and the loss of the sense of taste.

5

   e. By otherwise failing to design the product in accordance with prevailing industry and scientific standards in a manner that would have eliminated unreasonable risks of injury during reasonably foreseeable uses.

34. Using the product as directed on its packaging is a reasonably foreseeable use of the product.

35. At the time Defendants designed and manufactured the product, the severity of the injury to users was foreseeable to Defendants.

36. At the time Defendants designed and manufactured the product, there were one or more reasonable alternative designs available. Available alternative designs were practicable and would have reduced or eliminated the foreseeable risk of harm posed by the product.

37. As a direct and proximate result of Defendants' defective product design, Plaintiff suffered permanent and irreversible loss of his senses of smell and taste.

38. As a direct and proximate result of Defendants' defective product design, Plaintiff has suffered damages which are continuing in nature and include, but are not limited to, the following:

   a. Permanent and irreversible loss of sense of smell.

   b. Permanent and irreversible loss of sense of taste.

   c. The need to undergo various ineffective medical procedures and treatments.

   d. Past and future mental and emotional distress.

   e. Past and future physical pain, mental suffering and inconvenience.

   f. Past and future medical expenses.

   g. Increased susceptibility to risks generally avoidable by a person with an intact sense of smell and taste, for example, he is unable to detect the smell of gas, gasoline, smoke or fire.

h. Loss of enjoyment of everyday activities and severely diminished quality of life due to two of the five senses being permanently diminished.

i. Diminished pleasure eating and drinking, engaging in recreational outdoor activities and associations of memory with smells he can no longer sense.

j. Other damages not specifically indicated above.

## SECOND THEORY OF RECOVERY
## BREACH OF WARRANTIES

39. Plaintiff incorporates herein paragraphs 1 through 38 of this Complaint.

40. Defendants expressly and impliedly warranted and represented that Zicam Allergy Relief Nasal Gel was of merchantable quality and fit for the particular purpose of a safe and effective remedy to reduce the severity and duration of common colds and allergies.

41. Defendants expressly and impliedly warranted to Plaintiff that Zicam Allergy Relief Nasal Gel was safe and effective when used as directed.

42. Defendants breached these warranties in that Zicam Allergy Relief Nasal Gel was not of merchantable quality and was not fit for the particular purposes but instead was defective and unsafe.

43. Defendants' breach of warranties directly and proximately caused Plaintiff's harm including but not limited to anosmia, a diminished sense of taste, pain and suffering, impairment of his enjoyment of life, and economic damage.

## THIRD THEORY OF RECOVERY
## NEGLIGENCE

44. Plaintiff incorporates herein paragraphs 1 through 43 of this Complaint.

45. Defendants owed a duty to Plaintiff not to place products in the stream of commerce and marketplace that would result in harm to consumers like Plaintiff and to adequately warn him of the dangers and harmful effects of Zicam Allergy Relief Nasal Gel.

46.     Defendants owed a duty to Plaintiff to use due care in the design and testing of Zicam Allergy Relief Nasal Gel.

47.     Defendants breached their duties to Plaintiff by their acts or omissions that include, but are not limited to:

   a. Upon information and belief, failing to ensure that the ingredients in Zicam Allergy Relief Nasal Gel were safe;

   b. Upon information and belief, failing to ensure that the delivery system distributed and sold as the means to apply Zicam Allergy Relief Nasal Gel was safe;

   c. Upon information and belief, failing to conduct proper testing of Zicam Allergy Relief Nasal Gel;

   d. Failing to adequately warn consumers that Zicam Allergy Relief Nasal Gel was dangerous and presented a risk of a loss of smell or loss of taste from even a single use;

   e. Promoting and selling Zicam Allergy Relief Nasal Gel as safe and effective when they knew or should have known that Zicam Allergy Relief Nasal Gel was dangerous;

   f. Selling Zicam Allergy Relief Nasal Gel to be used intranasally and instructing users to apply it intranasally; and

   g. Failing to design the product in accordance with prevailing industry standards in a manner that would have eliminated unreasonable risk of injury to foreseeable users.

48.     As a direct and proximate result of the Defendants' negligence, Plaintiff suffered and continues to suffer harm including, but limited to anosmia, a diminished sense of taste, pain and suffering and impairment of his enjoyment of life.

WHEREFORE, Plaintiff prays for a judgment against Defendants for his special damages, and his general damages as allowed by law and in an amount determined to be fair by a Jury, together with interest from the date of the judgment until paid, for the costs of this action, and any and all other relief to which he may be entitled.

DATED: October 21, 2011.

           JOSHUA RANDALL, Plaintiff

By:   /s/
   Peter C. Wegman (#16685)
   Mark R. Richardson (#24719)
   REMBOLT LUDTKE LLP
   1201 Lincoln Mall, Ste. 102
   Lincoln, NE 68508
   (402) 475-5100
   pwegman@remboltludtke.com
   mrichardson@remboltludke.com

By:   /s/
   Mark A. Beck (#18760)
   BECK LAW OFFICE, P.C., L.L.O.
   410 W. 4th Street
   P.O. Box 10
   Hastings, NE 68902-0010
   (402) 463-4500
   beckatty@windstream.net

359486.doc
32808.000